1

2

3

4

5

**Frederick M. Cummings - 010589**
fcummings@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
**A Professional Limited Liability Company**
**The Collier Center, 11ᵗʰ Floor**
**201 East Washington Street**
**Phoenix, Arizona 85004-2385**
**Telephone: (602) 262-5911**

6    Attorneys for Defendant GMAC Mortgage, Ltd.

7              **IN THE UNITED STATES DISTRICT COURT**

8                **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 9    JP Morgan Chase Bank, N.A., | No. |
| 10              Plaintiff, | **NOTICE OF REMOVAL** |
| 11    vs. | |
| 12    GMAC Mortgage, LLC, a foreign limited liability company, | (Formerly Maricopa County Superior Court No. CV2009-011564) |
| 13              Defendant. | |
| 14 | |

15                    **NOTICE OF REMOVAL**

16           Defendant GMAC Mortgage, LLC ("Defendant"), by and through its counsel

17    of record, and pursuant to 28 U.S.C. § 1441, as amended, hereby gives notice of the

18    removal of this action to the United States District Court for the District of Arizona,

19    Phoenix Division.  As grounds for this removal, Defendant states as follows:

20           **PROCEDURAL BACKGROUND – STATE COURT ACTION**

21           1.      Plaintiff JP Morgan Chase Bank, N.A. ("Plaintiff") filed this action in

22    the Superior Court of Maricopa County, Arizona on May 8, 2009.  Plaintiff sued

23    Defendant for Negligence and violations of A.R.S. § 33-420, including, but not

24    limited to, an award of compensatory damages, treble damages, fees and costs.

25           2.      Defendant was served with a copy of the Summons and Complaint on

26    June 17, 2009.  Defendant has yet to file an Answer to Plaintiff's Complaint.

27           3.      No further proceedings have taken place in the state court action.

28                                        1

4.     This notice of removal is timely pursuant to 28 U.S.C. §1446(b), because it is filed within thirty (30) days of the service of Plaintiff's Summons and Complaint and because this action was commenced less than one (1) year ago.

5.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendant or defendants sued under fictitious names shall be disregarded.

6.     In accordance with 28 U.S.C. § 146(a) and the United States District Court of Arizona Local Rule 3.7(b), Defendant attaches the State Court file as **Exhibit A**.

As shown herein, this case is properly removable based on diversity jurisdiction.

## DIVERSITY OF CITIZENSHIP

7.     This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1)     citizens of different States . . . .

8.     Plaintiff is a New York National Association.  (Complaint ¶ 1, Ex. A). Therefore, it is deemed to be a citizen of any state of which a member or partner of the company is a citizen.  *See* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Rockwell Int'l Credit Corp v. U.S. Aircraft Ins. Group,

2

1   823 F.2d 302 (9th Cir. 1987).   Upon information and belief, all of Plaintiff's

2   members or partners are citizens of New York.

3       9.      Defendant is a foreign [Delaware] limited liability company.

4   (Complaint ¶ 2, Ex. A).  Therefore, it is deemed to be a citizen of any state of which

5   a member of the company is a citizen.  *See* Johnson v. Columbia Properties

6   Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Rockwell Int'l Credit Corp v.

7   U.S. Aircraft Ins. Group, 823 F.2d 302 (9th Cir. 1987).  All of Defendant's members

8   are citizens of states other than New York.

9       10.     Consequently, complete diversity of citizenship exists between the

10  parties.

11                          **AMOUNT IN CONTROVERSY**

12      11.     Plaintiff sued Defendant for negligence alleging that Defendant failed

13  to notify Plaintiff of the trustee sale and, therefore, Defendant was unable to protect

14  its interest in the property at issue.  (Complaint, Ct.2; Ex. A).

15      12.     Plaintiff also sued Defendant under A.R.S. § 33-420 for allegedly filing

16  a Substitution of Trustee and Full Reconveyance document in the office of the

17  Maricopa County Recorder, "knowing or having reason to know that document was

18  groundless and/or contained a material misstatement or false claims and/or was

19  otherwise invalid."  (Complaint, Ct.3, Ex. A).

20      13.     Plaintiff requests, among other things, compensatory damages, treble

21  damages, pre-judgment interest, fees and costs.  (Complaint, Prayer for Relief ¶ ¶ A-

22  D, Ex. A).

23      14.     Plaintiff further alleges that "GMAC is liable to JPMC (Plaintiff) for

24  treble its actual damages, an amount exceeding $1 million…  (Complaint, ¶ 28).

25      15.      According to Plaintiff, the value of the Notes Defendant holds on the

26  Property is for $394,400.00 and $98,600.00 respectively. (Complaint, ¶ ¶ 9 & 10).

27      16.     Consequently, this case is properly removable because the matter in

28                                      3

controversy exceeds the sum or value of $75,000 and involves complete diversity of citizens of the parties.

## CONCLUSION

17.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

18.     The Defendant has heretofore sought no similar relief.

19.     Removal at this present time will not result in any prejudice to Plaintiff.

20.     Defendant reserves the right to supplement the Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19.     A copy of this notice is being filed with the Clerk of the Superior Court of Maricopa County, Arizona, as required under 28 U.S.C. § 1446.  The Defendant is also giving prompt written notice to Plaintiff of the filing of this notice of removal.

WHEREFORE, premises considered, Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Maricopa County, Arizona.

Dated this 17th day of July, 2009.

JENNINGS, STROUSS & SALMON, P.L.C.


By   s/ Frederick M. Cummings
       Frederick M. Cummings
       The Collier Center, 11th Floor
       201 East Washington Street
       Phoenix, Arizona  85004-2385
       *Attorneys for Defendant GMAC
       Mortgage, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing the following CM/ECF registrants:

4

1

Douglas C. Erickson

2

Jennifer A. Sparks
Maynard Cronin Erickson Curran & Sparks, PLC

3

3200 North Central Avenue, Suite 1800
Phoenix, Arizona 85012

4

*Attorneys for Plaintiff*

5

 s/ Cathy A. Sink

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT A

In The Superior Court of the State of Arizona
In and For the County Of Maricopa

Case Number _____

**CIVIL COVER SHEET**

For Official Use Only

Cause Number

CV 2009-011564

COPY

File Date

APR 1 0 2009

| Plaintiff's Name (List Additional Plaintiffs on Page 2) | Plaintiff's Attorney (Name and Bar Number) |
|---|---|
| JPMorgan Chase Bank, N.A. | Douglas C. Erickson, Bar No. 012130 |

Plaintiff's Address

Maynard Cronin Erickson Curran & Sparks, P.L.C., 3200 N. Central Ave., Ste. 1800, Phoenix, AZ 85012

Defendant's Name (List Additional Defendant's on Page 2)

GMAC Mortgage, LLC

EMERGENCY ORDER SOUGHT:  ☐ TRO    ☐ Provisional Remedy    ☐ OSC    ☐ Other(Specify) _____

REASON FEES NOT PAID:  ☐ Government Charge    ☐ Deferred

**DIRECTIONS:** You must <u>complete both Section I and Section II</u> below. Section II continues on the 2nd page.

## SECTION I. COMPLEXITY

Place an "X" in the box of **no less than one** of the following:

This case:
☐ Involves Antitrust/Trade Regulations
☐ Involves Construction Defect w/many parties or structures
☐ Involves Mass Tort
☐ Involves Securities Litigation w/many parties
☐ Involves Environmental/Toxic Tort w/many parties
☐ Involves Class Action Claim(s)
☐ Involves Insurance Coverage Claims arising for the above-listed case types
☐ Is a Complex Civil Case as defined by Rule 8(I), ARCP
☒ Does not involve any of the above

## SECTION II. NATURE OF ACTION

Place an "X" in the box next to the number that describes the nature of the case. Please check <u>ONE</u> nature of action <u>ONLY</u>.

**100 TORT MOTOR VEHICLE**
☐ 101 Non Death Injury
☐ 102 Property Damage
☐ 103 Death

**120 MEDICAL MALPRACTICE**
☐ 121 Physician - M.D.
☐ 122 Physician - D.O.
☐ 123 Hospital
☐ 124 Other (Specify) _____

**110 TORT NON- MOTOR VEHICLE**
☒ 111 Negligence
☐ 112 Products Liability
☐ 113 Intentional
☐ 114 Property Damage
☐ 115 Legal
☐ 116 Other (Specify)_____

**130 CONTRACTS**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 134 Other(Specify)_____
☐ 135 Real Property Excess Proceeds
136-137 Construction Defects (Residential/Commercial) (Select one)
    ☐ 136 One to Nineteen Structures
    ☐ 137 Twenty or More Structures

**140 Appeal or Review– Use Clerk of Court's LC Appeals Coversheet**

**150-177 OTHER CIVIL**

☐ 150 Property Tax (A.R.S. §12-163(b))
    (**All** other tax matters **must** be filed in the AZ Tax Court)
☐ 151 Forcible Detainer
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 155 Declaratory Judgment
☐ 156 Eminent Domain
☐ 157 Habeas Corpus
☐ 158 Quiet Title
☐ 159 Restoration of Civil Rights
☐ 160 Forfeiture
☐ 161 DES Instant Judgment
☐ 162 Harassment
☐ 163 Other(Specify)_____

☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorship (filed by the AZ State Bar)
☐ 170 Unauthorized Practice of Law (filed by the AZ State Bar)
☐ 171 Out of State Deposition for Foreign Jurisdiction
    (Commissions/Letters Rogatory ARCP 28(a)(b))
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In State Deposition for Foreign Jurisdiction
    ( Issuance of Subpoena/Subpoena Duces Tecum Per ARCP 30(h))
☐ 175 Election Contest
☐ 176 Eminent Domain-LIGHT RAIL ONLY
☐ 177 Interpleader- AUTOMOBILE ONLY
☐ 178 Delayed Birth Certificate (A.R.S.§36-333.03)
☐ 179 Employer Sanction Action

To the best of my knowledge, all information is true and correct.

_____
Signature of Attorney or Plaintiff

ADDITIONAL DEFENDANT(S):

Mortgage Electronic Registration Systems, Inc.; Executive Trustee Services, LLC_____

**NOTICE**
**PLEASE DO NOT INCLUDE THIS FORM WITH CASES THAT HAVE ALREADY BEEN FILED.** This form can only be processed at the time of filing <u>New</u> Complaints and Petitions.

Thank you for assisting us with our efforts to improve service.

1  Douglas C. Erickson, No. 012130
   Jennifer A. Sparks, No. 017502
2  **MAYNARD CRONIN ERICKSON**
   **CURRAN & SPARKS, P.L.C.**
3  3200 North Central Avenue, Ste. 1800
   Phoenix, Arizona 85012
4  (602) 279-8500

5  Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

6              THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                 IN AND FOR THE COUNTY OF MARICOPA

8  JPMORGAN CHASE BANK, N.A.,              No. ___CV2009-011564

9            Plaintiff,                    SUMMONS

10 vs.

11 GMAC MORTGAGE, LLC, a foreign limited
   liability company; MORTGAGE ELECTRONIC
12 REGISTRATION SYSTEMS, INC., a foreign
   corporation;  EXECUTIVE  TRUSTEE
13 SERVICES, LLC, a foreign limited liability
   company,
14

15           Defendants.



16 THE STATE OF ARIZONA TO THE DEFENDANT:

17   **GMAC MORTGAGE, LLC**

18     **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the

19 time applicable, in this action in this Court. If served within Arizona, you shall appear and

20 defend within 20 days after the service of the summons and Complaint upon you, exclusive

21 of the day of service. If served out of the State of Arizona -- whether by direct service, by

22 registered or certified mail, or by publication -- you shall appear and defend within 30 days

23 after the service of the Summons and Complaint upon you is complete, exclusive of the day

24 of service. Where process is served upon the Arizona Director of Insurance as an insurer's

25 attorney to receive service of legal process against it in this state, the insurer shall not be

26 required to appear, answer or plead until expiration of 40 days after the date of such service

MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE · SUITE 1800 · PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 · FACSIMILE 602.263.8185

1   upon the Director.  Service by registered or certified mail without the State of Arizona is

2   complete 30 days after the date of filing the receive and affidavit of service with the Court.

3   Service by publication is complete 30 days after the date of first publication.  Direct service

4   is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete

5   30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP

6   4; A.R.S. §§ 20-222, 28-502, 18-503.  Requests for reasonable accommodation for persons

7   with disabilities must be made to the division assigned to the case by parties at least 3 judicial

8   days in advance of a scheduled court proceeding.

9        **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend

10  within the time applicable, judgment by default may be rendered against you for the relief

11  demanded in the Complaint.

12       **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer

13  or proper response in writing with the Clerk of this Court, accompanied by the necessary filing

14  fee, within the time required, and you are required to serve a copy of any Answer or response

15  upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §§ 12-311; RCP 5.

16       The name and address of Plaintiff's attorneys are:

17       Douglas C. Erickson, Esq.
         Maynard Cronin Erickson Curran & Sparks, P.L.C.
18       1800 Great American Tower
         3200 North Central Avenue
19       Phoenix, Arizona 85012
         (602) 279-8500



20       SIGNED AND SEALED this date:

21

22                              Clerk

23

24       By_____
                 Deputy Clerk

25

26  F:\CLIENTS\CHASE.482\GOODWIN.92\Pleadings\SUMMONS.GMAC.wpd  - 2 -

1  Douglas C. Erickson, No. 012130
   Jennifer A. Sparks, No. 017502
2  **MAYNARD CRONIN ERICKSON**
   **CURRAN & SPARKS, P.L.C.**
3  3200 North Central Avenue, Ste. 1800
   Phoenix, Arizona 85012
4  (602) 279-8500

COPY

APR 1 0 2009

MICHAEL K. JEANES, CLERK
M. KNOX
DEPUTY CLERK

5  Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

6          THE SUPERIOR COURT OF THE STATE OF ARIZONA

7             IN AND FOR THE COUNTY OF MARICOPA

8  JPMORGAN CHASE BANK, N.A.,          No. CV2009-011564

9             Plaintiff,              **CERTIFICATE REGARDING**
                                      **COMPULSORY ARBITRATION**
10 vs.

11 GMAC MORTGAGE, LLC, a foreign limited
   liability company; MORTGAGE ELECTRONIC
12 REGISTRATION SYSTEMS, INC., a foreign
   corporation; EXECUTIVE TRUSTEE
13 SERVICES, LLC, a foreign limited liability
   company,
14
             Defendants.
15

16          The undersigned certifies that he knows the dollar limits and any other limitations set

17 forth by the local rules of practice for the applicable superior court, and further certifies that

18 this case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the

19 Arizona Rules of Civil Procedure.

20          DATED this 10th day of April, 2009.

21                                      **MAYNARD CRONIN ERICKSON**
                                        **CURRAN & SPARKS, P.L.C.**
22
                                        By
23                                        Douglas C. Erickson
                                          Jennifer A. Sparks
24                                        1800 Great American Tower
                                          3200 North Central Avenue
25                                        Phoenix, Arizona 85012-2443
                                          Attorneys for JPMorgan Chase Bank,
26                                        N.A.

MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

1   **ORIGINAL** of the foregoing filed this ____ day of April, 2009, with:

2   Clerk of the Court

3   Maricopa County Superior Court
    201 W. Jefferson

4   Phoenix, Arizona 85003

5

6   By _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   F:\CLIENTS\CHASE.487\GOODWIN.92\Pleadings\CERT.ARB.wpd        - 2 -

MICHAEL K. JEANES, CLERK
RECEIVED CCC #7
DOCUMENT DEPOSITORY

09 MAY -8 PM 4 22

1  Douglas C. Erickson, No. 012130
   Jennifer A. Sparks, No. 017502
2  **MAYNARD CRONIN ERICKSON**
   **CURRAN & SPARKS, P.L.C.**
3  3200 North Central Avenue, Ste. 1800
   Phoenix, Arizona  85012
4  (602) 279-8500

5  Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

6  ### THE SUPERIOR COURT OF THE STATE OF ARIZONA

7  ### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| 8  JPMORGAN CHASE BANK, N.A., | No. CV2009-011564 |
| 9         Plaintiff, | **FIRST AMENDED COMPLAINT** |
| 10  vs. | |
| 11  GMAC MORTGAGE, LLC, a foreign limited | |
| 12  liability company, | |
| 13         Defendant. | |

14      1.    Plaintiff, JPMorgan Chase Bank, N.A. ("JPMC") is a national banking

15  association doing business in Maricopa County, Arizona.

16      2.    GMAC Mortgage, LLC ("GMAC") is a foreign limited liability company, doing

17  business in Maricopa County, Arizona.

18      3.    The acts and omissions described herein all, or in large part, occurred in

19  Maricopa County, Arizona.

20      4.    The real property and interests therein that are the subject of this action are

21  located in Maricopa County, Arizona.

22      5.    On or about November 14, 2006, Kechia Goodwin, "a married woman, as her

23  sole and separate property," executed a deed of trust in favor of United Financial Mortgage

24  Corp. to secure a promissory note in the principle amount of $376,000.00 ("the Deed of

25  Trust"). That document was recorded in the official records of the Maricopa County Recorder

26  at 20061583849.

MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE · SUITE 1800 · PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 · FACSIMILE 602.263.8185

6.  On or about November 14, 2006, Kechia Goodwin, "a married woman, as her sole and separate property," executed a second deed of trust in favor of Alliance Bancorp to secure a second promissory note in the principle amount of $94,000.00. That document was recorded in the official records of the Maricopa County Recorder at 20061583850.

7.  The property used to secure both loans had an address of 9313 E. Dreyfus Place, Scottsdale, Arizona 85260 ("the Property"), with a legal description of:

> Lot Eighty-Eight (88), DESERT SHADOWS III, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 356 of Maps, page 46.

8.  JPMC became the holder in due course of the first promissory note and the real beneficiary under the Deed of Trust.

9.  On or about March 23, 2007, Antonio Goodwin, "a married man as his sole and separate property," executed a deed of trust for the Property to secure a promissory note in the principle amount of $394,400.00. That document was recorded in the official records of the Maricopa County Recorder at 20070364803.

10.  On or about March 23, 2007, Antonio Goodwin, "a married man as his sole and separate property," executed a second deed of trust for the Property to secure a second promissory note in the principle amount of $98,600.00. That document was recorded in the official records of the Maricopa County Recorder at 20070364804.

11.  On or about April 10, 2007, a "Substitution of Trustee and Full Reconveyance" was recorded in the official records of the Maricopa County Recorder at 20070416863, which purported to release the Deed of Trust that had been recorded at 20061583849 and reconvey the entire estate.

## COUNT ONE

### (Negligence)

12.     Upon information and belief, the Substitution of Trustee and Full Reconveyance was created and recorded at the request of GMAC.

13.     Upon information and belief, on April 10, 2007, GMAC had no interest, standing, or authority to release or reconvey any interest as to the Deed of Trust.

14.     On September 14, 2007, a notice of trustee's sale of the Property was recorded in the official records of the Maricopa County Recorder at 20071025031. That trustee sale was purported to foreclose on the Property for a default on the $394,400 promissory note, described in paragraph 9 above.

15.     The trustee sale was set for December 14, 2007.

16.     Because of the erroneous Substitution of Trustee and Full Reconveyance, JPMC did not appear as a record holder of interest in the Property. Therefore, it received no notice of the trustee sale, although it had a senior secured status in the Property.

17.     Upon information and belief, the trustee sale did take place on December 14, 2007. At that sale, HSBC Bank USA, N.A., as trustee for MHL 2007-1, acquired the property through a trustee's deed. That deed was recorded in the official records of the Maricopa County Recorder at 20071340287.

18.     Upon information and belief, on or about May 16, 2008, HSBC Bank USA, N.A., as trustee for MHL 2007-1, by special warranty deed, conveyed title to the property to a bona fide purchaser. That document was recorded in the official records of the Maricopa County Recorder at 20080469866.

19.     But for the acts and omissions of GMAC, JPMC would have received notice of these proceedings (or the trustee's sale would not have taken place) and acted to protect its

- 3 -

1  superior interest.

2      20.    GMAC had a duty to exercise due care and be accurate in its creation,

3  preparation and recording of documents.

4      21.    GMAC was negligent in its performance of that duty with respect to the

5  Substitution of Trustee and Full Reconveyance.

6      22.    As a direct and proximate result of GMAC's negligence, JPMC suffered

7  substantial and readily calculable damages.

8      23.    JPMC is entitled to an award of pre-judgment interest.

9      24.    JPMC is entitled to an award of its costs pursuant to A.R.S. § 12-341.

10     WHEREFORE, JPMC prays for relief and judgment against GMAC as follows:

11         A.    For an award of compensatory damages, in an amount to be determined

12  at trial;

13         B.    For an award of costs;

14         C.    For such other and further relief as the Court deems just and proper.

15                              COUNT TWO

16                          (A.R.S. § 33-420 Violation)

17     25.    JPMC incorporates the allegations contained in paragraphs 1-24.

18     26.    Upon information and belief, GMAC caused a document, namely the

19  Substitution of Trustee and Full Reconveyance, to be recorded in the office of the Maricopa

20  County Recorder, knowing or having reason to know that the document was groundless and/or

21  contained a material misstatement or false claim and/or was otherwise invalid.

22     27.    JPMC was a beneficial title holder of the Property at that time.

23     28.    Under A.R.S. § 33-420(A), GMAC is liable to JPMC for treble its actual

24  damages, an amount exceeding $1 million, and for JPMC's costs and attorneys' fees incurred

25

26                              - 4 -

1   herein.

2       WHEREFORE, JPMC prays for relief and judgment against GMAC as follows:

3           A.    For an award of compensatory damages, in an amount to be determined

4   at trial;

5           B.    For an award trebling the compensatory damages;

6           C.    For an award of fees and costs;

7           D.    For such other and further relief as the Court deems just and proper.

8

9       DATED this 8th day of May, 2009.

10                        MAYNARD CRONIN ERICKSON

11                        CURRAN & SPARKS, P.L.C.

12               By _____

13                        Douglas C. Erickson

14                        Jennifer A. Sparks
                          1800 Great American Tower

15                        3200 North Central Avenue
                          Phoenix, Arizona 85012-2443

16                        Attorneys for JPMorgan Chase Bank,
                          N.A.

17   ORIGINAL of the foregoing filed this 8th day of May, 2009, with:

18   Clerk of the Court
      Maricopa County Superior Court

19   201 W. Jefferson
      Phoenix, Arizona 85003

20

21   By _____

22

23

24

25

26   F:\CLIENTS\CHASE-4th\GOODWIN\LRD\Pleadings\1ST.AMENDED.COMPLAINT.wpd      - 5 -

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JP Morgan Chase Bank, NA | GMAC Mortgage, LLC |

**(b)** County of Residence of First Listed Plaintiff _Out of State_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _Out of State_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Douglas C. Erickson & Jennifer A. Sparks
3200 N. Central Ave., Suite 1800
Phoenix, AZ 85012  (602) 279-6500

Attorneys (If Known)

Frederick M. Cummings
201 E. Washington St., 11th Floor
Phoenix, AZ 85004  (602)262-5911

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (Place an "X" In One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL INJURY** | | | ☐ 490 Cable/Sat TV |
| | ☐ 362 Personal Injury – Med. Malpractice | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury – Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | **CIVIL RIGHTS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | **IMMIGRATION** | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 442 Employment | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations | ☐ 463 Habeas Corpus – Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 465 Other Immigration Actions | | |
| | ☐ 445 Amer. w/Disabilities - Employment | | | |
| | ☐ 446 Amer. w/Disabilities - Other | | | |
| | ☐ 440 Other Civil Rights | | | |

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441(a)

Brief description of cause:
Negligence and ARS Sec. 33-420 claims for alleged failure to notice Plaintiff of trustee's sale

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
7-17-09

SIGNATURE OF ATTORNEY OF RECORD
s/ Frederick M. Cummings

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs – Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a) F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                        Example:            U.S. Civil Statute: 47 USC 553
                                                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# SUPPLEMENTAL CIVIL COVER SHEET
# FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary

---

1.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type.  Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| JP Morgan Chase Bank, NA | Plaintiff | Douglas C. Erickson (#12130) Jennifer A. Sparks (#17502) Maynard Cronin Erickson Curran & Sparks, PLC 3200 N. Central Ave., #1800 Phoenix, AZ 85012 (602)279-8500 |
| GMAC Mortgage, LLC | Defendant | Frederick M. Cummings (#10589) Jennings, Strouss & Salmon, PLC 201 E. Washington St., 11th Fl. Phoenix, AZ 85004 (602)262-5911 |

2.   **Jury Demand**:

Was a Jury Demand made in another jurisdiction?            \_\_\_\_\_ Yes    \_\_X\_\_ No

If "Yes," by which party and on what date?

_____          _____

3.   **Answer**:

                                                              Yes    X    No

Was an Answer made in another jurisdiction?         \_\_\_\_\_      \_\_\_\_\_

If "Yes," by which party and on what date?

_____          _____

4.      **Served Parties**:

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| GMAC Mortgage, LLC | June 17, 2009 | Personal Service on Registered Agent |

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|

None known at this time.

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|

None known at this time.

7.      **Claims of the Parties**:

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiff v. Defendant | Negligence and violations of A.R.S. § 33-420 |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**